MANDATE

25-211
*United States v. Hanratty*

# UNITED STATES COURT OF APPEALS
# FOR THE SECOND CIRCUIT

## SUMMARY ORDER

RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT.  CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1.   WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER").  A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 21st day of July, two thousand twenty-five.

Present:
> JON O. NEWMAN,
> WILLIAM J. NARDINI,
> EUNICE C. LEE,
> > *Circuit Judges*.

_____

UNITED STATES OF AMERICA,

> *Appellee*,

v.  25-211-cr

JOHN ARTHUR HANRATTY,

> *Defendant-Appellant*.

_____

*For Appellee:*      ANDREW K. CHAN, Assistant United States Attorney (Nicholas Chiuchiolo, Danielle Kudla, Adam Sowlati, Jacob R. Fiddelman, *on the brief*), *for* Sean S. Buckley, Attorney for the United States, Acting Under Authority Conferred by 28 U.S.C. § 515, New York, NY.

*For Defendant-Appellant*:      KARI PARKS, Gusrae Kaplan Nusbaum, PLLC, New York, NY.

1

MANDATE ISSUED ON 09/12/2025

Appeal from an order of the United States District Court for the Southern District of New York (Lorna G. Schofield, *District Judge*).

**UPON DUE CONSIDERATION, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED** that the order of the district court, entered on January 14, 2025, is **AFFIRMED**.

Defendant-Appellant John Hanratty appeals from an interlocutory order entered on January 14, 2025, in the United States District Court for the Southern District of New York (Lorna G. Schofield, *District Judge*), denying Hanratty's motion to vacate a post-indictment restraining order ("PIRO"). The PIRO, entered by the district court on May 20, 2024, froze the movement of all assets in two investment funds, Ebury Fund 1 and 2 (collectively, the "Ebury Funds"), which were allegedly controlled by Hanratty through his investment firm, Ebury Street Capital, LLC ("Ebury"). The district court's entry of the PIRO was made pursuant to 18 U.S.C. § 982 and 21 U.S.C. § 853, and was predicated on the court's finding of probable cause that the Ebury Funds contain proceeds traceable to the offenses charged in Hanratty's indictment for wire and bank fraud under 18 U.S.C. §§ 1343 and 1344, and property involved in money laundering under 18 U.S.C. § 1957. Hanratty submitted a motion to vacate the PIRO, which the district court denied.

On appeal, Hanratty seeks reversal of that decision, arguing (1) that the PIRO violates his Fifth Amendment right to due process in conjunction with his Sixth Amendment right to counsel, by preventing the Ebury Funds from advancing him money that he could use to pay his counsel of choice, (2) that the district court lacked statutory authority to enter the PIRO, and (3) even if the court had authority to enter such an order, it erred in doing so. We disagree. Because a state court order presently enjoins Hanratty from using Ebury Funds for his criminal defense, he has failed to make a threshold showing that the PIRO impinges his constitutional rights. Additionally,

we observe that the PIRO has not stopped Hanratty from being represented by his defense counsel of choice. We assume the parties' familiarity with the facts.

Hanratty bears the burden of demonstrating that the PIRO has caused an injury to his ability to "control the manner and substance of his defense," Appellant's Br. at 5, by unduly burdening his Sixth Amendment "right to select and be represented by [his] preferred attorney," *Wheat v. United States*, 486 U.S. 153, 159 (1988).[1]

Hanratty has failed to carry that burden. We have said that a "defendant's constitutional right to use his or her own funds to retain counsel of choice . . . is not implicated unless the restraint *actually affects* the defendant's right to choose counsel and present a defense." *United States v. Bonventre*, 720 F.3d 126, 131 (2d Cir. 2013) (emphasis added). Here, the restraints imposed by the PIRO do not and cannot affect the restraints already imposed by a separate state court injunction ordered by the New York State Supreme Court's Commercial Division, prohibiting the transfer, sale, or disbursement of any assets in the Ebury Funds "aside from ordinary and necessary disbursements related to the defendants' tax lien or real estate businesses or living expenses." *Emigrant Business Credit Corp. v. Hanratty et al.*, No. 158207/2022, Dkt. 47 at 8 (N.Y. Sup. Ct. 2022). At present, the assets in the Ebury Funds that Hanratty seeks to use towards his legal defense remain unavailable to him by consequence of the state court order, regardless of the PIRO's imposition of a pretrial asset freeze on those same Funds. For this reason, Hanratty has failed to show that the PIRO is causing any injury to "the right at issue—to fund one's criminal defense with counsel of choice." *Bonventre*, 720 F.3d at 131.

---

[1] Unless otherwise indicated, when quoting cases, all internal quotation marks, alteration marks, emphases, footnotes, and citations are omitted.

In addition, we note that the core assumption embedded in a purported violation of that right—deprivation of representation by one's counsel of choice—is absent here. The district court invited Hanratty to make a request for the temporary appointment of his counsel of choice to the Southern District of New York's Criminal Justice Act ("CJA") Panel pursuant to 18 U.S.C. § 3006A. Hanratty's counsel agreed to accept the CJA appointment and sought the ability to retrospectively submit all outstanding legal fees for CJA reimbursement. The district court granted that request, authorizing use of CJA funds to pay for Hanratty's criminal defense going forward as well as allowing Hanratty to request retrospective reimbursement. Therefore, the Ebury Funds are not "needed to retain [Hanratty's] counsel of choice." *United States v. Monsanto*, 924 F.2d 1186, 1203 (2d Cir. 1991) (en banc).

Moreover, at an earlier hearing before this Court, Hanratty's counsel was asked how the PIRO affects her or her client's ability to mount a defense. *See* Apr. 22, 2025, Oral Arg. at 2:10–6:15. Counsel for the defense highlighted that she needed to "maintain more or less [her] full, usual, paying caseload while continuing to represent Mr. Hanratty" and that her firm "delayed hiring new associates and personnel who would help with the case." *Id.* at 5:30–6:15. Although the burden of workload management is noted, it does not, by itself, provide adequate specificity of a hindrance to Hanratty's ability to "present [his] defense." *Bonventre*, 720 F.3d at 131. For instance, there is no contention that Hanratty's counsel has lacked resources to call necessary witnesses, gather evidence, submit or defend trial motions, or otherwise "provide zealous advocacy" for her client regardless of her "pecuniary interests." *United States v. O'Neil*, 118 F.3d 65, 71–72 (2d Cir. 1997). Thus, we discern no impingement of Hanratty's right to due process nor his "right to be represented by an otherwise qualified attorney . . . who is willing to represent

the defendant even though he is without funds." *Caplin & Drysdale, Chartered v. United States*, 491 U.S. 617, 624-25 (1989). We therefore conclude that Hanratty has not established any basis for concluding that the PIRO is causing any injury to his Sixth Amendment right to retain his defense counsel of choice.

Lastly, because Hanratty's asserted Sixth Amendment interest in having access to money from the Ebury Funds forms the only basis upon which he personally claims to have standing to challenge the PIRO—which we emphasize is directed against assets held by the Ebury Funds, not against property owned by Hanratty himself—we need not consider the additional statutory and procedural challenges to the PIRO raised by Hanratty in this appeal.

\* \* \*

We have considered Hanratty's remaining arguments and find them unpersuasive. Accordingly, we **AFFIRM**.

FOR THE COURT:

Catherine O'Hagan Wolfe,
Clerk of Court

A True Copy
Catherine O'Hagan Wolfe, Clerk
United States Court of Appeals, Second Circuit